IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 13, 2019

## STEPHNY YOUNG ET AL. v. PAXTON V. DICKSON M.D.

**Appeal from the Circuit Court for Shelby County**
**No. CT-005549-18  Rhynette N. Hurd, Judge**
_____

### No. W2019-01442-COA-T10B-CV
_____

A Tennessee Supreme Court Rule 10B petition for recusal appeal was filed in this Court after the trial court denied a motion for recusal. For the reasons stated herein, we reverse the trial court's denial of the motion and remand the case for reassignment to a different judge.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and FRANK G. CLEMENT, JR., P.J., M.S., joined.

Jodi Black, Memphis, Tennessee, for the appellant, Stephny Denise Young.

Margaret Cooper Roney and R. Kent Francis, Memphis, Tennessee, for the appellee, Paxton V. Dickson.

### OPINION

### Background and Procedural History

This case involves a health care liability action brought by the plaintiff Stephny Young ("Ms. Young") following the death of her daughter. Ms. Young is represented by counsel at the Morgan and Morgan law firm. After her action was filed in the Shelby County Circuit Court, it was assigned to the Honorable Judge Rhynette N. Hurd. At issue in this appeal is whether Judge Hurd was required to recuse herself from the case following a motion by Ms. Young to do so.

Ms. Young's request for recusal has its genesis in a prior health care liability case where an individual represented by the Morgan and Morgan firm sued Judge Hurd's husband and his professional corporation ("the *Flowers* case"). At one time, Judge Hurd

had been the secretary of that corporation. As it turns out, the *Flowers* case was assigned to Judge Hurd's court division, and she recused herself from hearing it. Moreover, in the wake of the *Flowers* case, she also subsequently recused herself from several other cases in which plaintiffs were represented by counsel at the Morgan and Morgan firm. One recent case, *McKay v. Christian Care of Memphis*, No. CT-001643-18, is particularly noteworthy. In that case, which also involved a health care liability case brought by the Morgan and Morgan firm, the defense contested the plaintiff's motion seeking Judge Hurd's recusal. Notwithstanding the opposition from the defense, Judge Hurd recused herself as she had in previous cases involving Morgan and Morgan, specifically entering an order on June 26, 2019 finding "good cause" existed to grant the recusal motion. As revealed in a transcript from a hearing on that motion, Judge Hurd specifically commented that, notwithstanding her personal belief that she could rule fairly in the case, she also believed that "even a person of ordinary prudence might have a reasonable basis for thinking that a judge whose husband was sued by the person representing that client might not be able to rule fairly." According to her, she was concerned that "any time [the court] was considering a motion or making any ruling on an objection or anything, that if it was unfavorable to this plaintiff, the plaintiff might say, uh-huh, I knew, you know, that kind of thing."

Shortly after the ruling in the *McKay* case, on July 2, 2019, Ms. Young filed her motion for recusal in the present case. In addition to highlighting the *Flowers* case, the motion also referenced *McKay* and other instances in which Judge Hurd had recused herself from health care liability cases involving the Morgan and Morgan firm. In relevant part, the motion argued as follows:

> A person of ordinary prudence – hearing that the judge's husband was sued by Morgan and Morgan, that the judge was an officer of a corporation that was also sued in that case, that the case was settled, and that the Court has recused itself in the past from health care liability cases from this firm – would find a reasonable basis to question the judge's impartiality in this case.

Somewhat inexplicably, notwithstanding Judge Hurd's recent comments in *McKay* and her previous recusals in health care liability cases involving Morgan and Morgan, Judge Hurd concluded that recusal was not required in the present case. In an order entered on July 24, 2019, Judge Hurd denied Ms. Young's recusal motion. In denying the motion, Judge Hurd made clear that her denial was "not based on waiver or delay." She instead concluded that there was "no subjective or objective partiality."

This appeal soon followed when Ms. Young filed a petition for recusal appeal in this Court pursuant to Tennessee Supreme Court Rule 10B. Having reviewed Ms. Young's petition for recusal appeal, along with its supporting materials, we conclude that further submissions, briefing, and oral argument are unnecessary. Accordingly, we

proceed to summarily review the petition in accordance with Tennessee Supreme Court Rule 10B sections 2.05 and 2.06.

## Issues Presented

The only order this Court may review on an appeal pursuant to Tennessee Supreme Court Rule 10B is the trial court's order denying a motion to recuse. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). Our sole concern here, therefore, is whether the trial court erred in denying Ms. Young's motion for recusal. *McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *1 (Tenn. Ct. App. Feb. 11, 2014).

## Standard of Review

We review the trial court's ruling on the motion for recusal under a de novo standard of review. Tenn. Sup. Ct. R. 10B, § 2.01.

## Discussion

"The right to a fair trial before an impartial tribunal is a fundamental constitutional right." *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)). Preserving the public's confidence in judicial neutrality, however, requires more than ensuring a judge is impartial in fact. *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998). It is also important that a judge be perceived to be impartial. *Id.* In keeping with this principle, Tennessee Supreme Court Rule 10, Code of Judicial Conduct Rule 2.11, provides that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned[.]" Even when a judge sincerely believes that he or she can preside over a matter in a fair and impartial manner, recusal is nonetheless required where a reasonable person "in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564-65 (Tenn. 2001) (quoting *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)).

We are of the opinion that Judge Hurd erred in denying the motion to recuse in this case. As we have outlined above, in the *Flowers* case, Morgan and Morgan filed a lawsuit on behalf of a client against Judge Hurd's husband and professional corporation, a corporation in which Judge Hurd was previously an officer. Subsequent to that lawsuit, Judge Hurd recused herself on multiple occasions in cases brought by Morgan and Morgan, noting just recently in the *McKay* case that "a person of ordinary prudence might have a reasonable basis for thinking that a judge whose husband was sued by the person representing that client might not be able to rule fairly." We agree with this assessment and her own prior reasoning.

- 3 -

It appears Judge Hurd found a potential distinction here based on the fact that, in a previous case involving Ms. Young, she provided Ms. Young with a favorable ruling. Indeed, immediately following a statement that she "holds no ill will" towards Morgan and Morgan stemming from the *Flowers* case, Judge Hurd observed that she had "ruled in favor of Stephny Young in a previously-filed healthcare liability action." Respectfully, we are of the opinion that this particular consideration misses the point. Ms. Young was not represented by Morgan and Morgan in the prior case referenced by Judge Hurd, and what is particularly relevant here is perceived partiality due to the involvement of the Morgan and Morgan firm. Because we are in agreement with Judge Hurd's prior reasoning from *McKay*, namely that a person would have a reasonable basis for questioning her impartiality given the prior case filed by Morgan and Morgan against her husband, we are of the opinion that Ms. Young's motion for recusal should have been granted.

## Conclusion

For the foregoing reasons, we reverse the trial court's denial of Ms. Young's motion for recusal and remand to the Circuit Court for the Thirtieth Judicial District with instructions that this case be transferred to a different judge.

_____
ARNOLD B. GOLDIN, JUDGE