IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned October 19, 2017

## IN RE: ESTATE OF JOE MARCE ABBOTT

Interlocutory Appeal from the Chancery Court for Gibson County
No. 22375P     George R. Ellis, Chancellor

_____

## No. W2017-02086-COA-T10B-CV

_____

This is a Rule 10B appeal of the denial of a petition for recusal. The trial court denied Appellant's motion to recuse, and Appellant filed this accelerated interlocutory appeal pursuant to Rule 10B of the Rules of the Tennessee Supreme Court. We affirm in part, modifying the trial court's order to deny the motion to recuse and vacate its order regarding the validity of the will. We remand for further hearing regarding the validity of the will at issue.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Chancery Court Affirmed in part as Modified, Vacated in part, and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which RICHARD H. DINKINS, and THOMAS R. FRIERSON, II, J.J., joined.

Harold Ross Gunn, Humboldt, Tennessee, for the appellant, Marce Harvey.

### OPINION

### Background

Appellant Marce Harvey is the Executrix of the Will of her father, Joe Marce Abbott, deceased. After her father's death, Appellant successfully negotiated a financial settlement that resulted in monies being paid to her father's estate. The settlement check was payable to the Appellant but addressed to the probate court. At a hearing on July 7, 2017, the probate court determined that Appellant would need to post a bond, despite the will purporting to relieve her of that requirement. On July 21, 2017, Appellant filed a motion to disqualify the probate court judge under Supreme Court Rule 10B. The motion to disqualify argued that "TCA 30-1-201 states that no bond is required if the decedent by will excuses the personal representative from making bond." The very next sentence of the motion to disqualify states "[w]herefore, the Probate Judge should be disqualified

from this cause."

On October 4, 2017, the trial court conducted a hearing and entered an order finding the motion to disqualify moot. The transcript of the hearing on the motion to recuse indicates that the trial court determined that the motion to disqualify was moot because the will at issue in the case was not properly witnessed, and the trial court therefore ordered that "the probate must be rescinded," and that the "heirs must proceed in this matter as an intestate estate, which requires a bond." Appellant timely filed an accelerated interlocutory appeal pursuant to Supreme Court Rule 10B, Section 2.

## Appeals under Rule 10B

Rule 10B of the Tennessee Supreme Court Rules authorizes an aggrieved party to file "an accelerated interlocutory appeal as of right" from an order denying a motion to recuse or to disqualify the trial court judge.[1] Tenn. Sup. Ct. R. 10B, § 2.01. The appeal is effected by filing a "petition for recusal appeal" with the appropriate appellate court. *Id*. at § 2.02. Under Rule 10B, the appellant must file, along with the petition, "a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." *Id*. at § 2.03. The appellate court may order the other parties to answer the appellant's petition and file any necessary documents, but it is also authorized to adjudicate the appeal summarily, without an answer from other parties. *Id*. at § 2.05. Having reviewed Appellant's petition and supporting documents, we have determined that additional briefing is unnecessary, and we have elected to act summarily on the appeal in accordance with Tenn. Sup. Ct. R. 10B, § 2.05. Oral argument is likewise unnecessary.

## Analysis

Appellant's petition for recusal appeal filed in this court states the issue as

---

[1]Section 2.01 provides:

> If the trial court judge enters an order denying a motion for the judge's disqualification or recusal, or for determination of constitutional or statutory incompetence, the trial court's ruling either can be appealed in an accelerated interlocutory appeal as of right, as provided in this section 2, or the ruling can be raised as an issue in an appeal as of right, see Tenn. R. App. P. 3, following the entry of the trial court's judgment. These two alternative methods of appeal—the accelerated interlocutory appeal or an appeal as of right following entry of the trial court's judgment—shall be the exclusive methods for seeking appellate review of any issue concerning the trial court's denial of a motion filed pursuant to this rule.

Tenn. Sup. Ct. R. 10B, § 2.01

follows:

> Can a Probate Judge order [a]n estate bond by the Executrix, when the Will states to serve without bond and the statute Tennessee Code Annotated [s]ection 30-1-201 states no bond if Will excuses?

However, in a Rule 10B appeal, the only appropriate issue before this Court is whether the trial judge was required to recuse himself. *See McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *1 (Tenn. Ct. App. Feb. 11, 2014) (*no perm. app. filed*). In accordance with Rule 10B, we review the trial court's recusal decision "upon a *de novo* standard of review." Tenn. Sup. Ct. R. 10B, § 2.07. The party seeking recusal bears the burden of proof, and "any alleged bias must arise from extrajudicial sources and not from events or observations during litigation of a case." *McKenzie*, 2014 WL 575908, at *3.

Appellant's stated issue reveals that Appellant is dissatisfied with the *legal* ruling of the trial court. In this appeal, we are not authorized to examine the validity of the trial court's underlying legal ruling. Rather, we are only concerned with whether the trial court should have recused himself from the case. Appellant provides no "factual [or] legal grounds supporting disqualification of the judge" other than an adverse legal ruling. Tenn. Sup. Ct. R. 10B, § 1.01. Consistent adverse rulings may lead a party to wish for another trial judge, but they do not provide a basis for requiring the trial judge's recusal from the case. *Runyon v. Runyon*, No. W2013-02651-COA-T10B, 2014 WL 1285729, at *10 (Tenn. Ct. App. Mar. 31, 2014). Adverse rulings usually are not sufficient to establish bias. *Duke v. Duke* , 398 S.W.3d 665, 671 (Tenn. Ct. App. 2012) (citing *State v. Cannon*, 254 S.W.3d 287, 308 (Tenn. 2008)). "'Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification.'" *Id.* (citing *Alley v. State of Tennessee*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994)).

While the trial court's disqualification was unnecessary, we cannot agree that the motion to disqualify was moot. Tennessee Supreme Court Rule 10B, Section 1.02 provides that while the motion to disqualify "is pending, the judge whose disqualification is sought shall make no further orders and take no further action on the case, except for good cause stated in the order in which such action is taken." The record in this case indicates that the motion to disqualify was originally the sole purpose of the October 2017 hearing. However, disqualification and the validity of the will were quickly conflated both by Appellant's counsel and the trial court. However, Rule 10B, Section 1.02 requires the trial court to first analyze the motion to disqualify before proceeding to any substantive issues in the case. *See In re Conservatorship of Tate*, No. M2012-01918-COA-10B-CV, 2012 WL 4086159 at *3 (Tenn. Ct. App. Feb. 17, 2012). Here, the trial court seemingly determined that the will at issue was ineffective, thereby obviating the

probate and making the motion to recuse moot. Instead, Section 1.02 required the trial court to analyze the motion to disqualify, which in this case would have required a denial of that motion, before determining whether the will was effective. *See Rodgers v. Sallee*, No. E2013-02067-COA-R3-CV, 2015 WL 636740 (Tenn. Ct. App. Feb. 13, 2015). As such, we modify the trial court's order to deny the motion to recuse and vacate its order regarding the validity of the will. We remand for further hearing regarding the validity of the will at issue.

## Conclusion

The trial court judge in this case was not required to recuse himself based on the evidence presented to the trial court or to this Court. Therefore, we affirm, as modified, the trial court's decision and vacate the trial court's order regarding the validity of the will. This cause is remanded for further proceedings consistent with this Opinion. Costs on appeal are to be taxed to Appellant, Marce Harvey, and her surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE