IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 28, 2020

## JONAH PAUL ANDERS v. MAYLA ANDERS

**Appeal from the Circuit Court for Shelby County**
**No. CT-005367-14  Gina C. Higgins, Judge**

_____

### No. W2020-00146-COA-T10B-CV

_____

This is an accelerated interlocutory appeal as of right pursuant to Tennessee Supreme Court Rule 10B from the trial court's denial of a motion for recusal. Petitioner contends the trial judge should have recused herself but fails to state any grounds or facts to support his contention. Moreover, Petitioner failed to comply with Rule 10B by, *inter alia*, not attaching an affidavit that verified the specific factual grounds supporting disqualification of the trial judge. Due to Petitioner's failure to comply with Rule 10B, we affirm the trial court's decision to deny the motion for recusal.

**Tenn. Sup. Ct. R. 10B Accelerated Interlocutory Appeal;**
**Judgment of the Circuit Court Affirmed and Remanded**

FRANK G. CLEMENT JR., P.J., M.S. delivered the opinion of the Court, in which JOHN W. MCCLARTY and ARNOLD B. GOLDIN, JJ., joined.

Jonah Paul Anders, Memphis, Tennessee, pro se.

Mayla Anders, Memphis, Tennessee, pro se.

## OPINION

The underlying litigation is a divorce proceeding in which the plaintiff is Jonah Paul Anders ("Petitioner") and the defendant is Mayla Anders. This appeal arises from the trial judge's decision to deny Petitioner's motion to recuse.

Tennessee Supreme Court Rule 10B governs appeals from orders denying motions to recuse. Pursuant to § 2.01 of Rule 10B, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal. The appeal is perfected by filing a petition for recusal appeal with the appropriate appellate court. Tenn. Sup. Ct. R. 10B, § 2.02.

The only issue we may consider in a Rule 10B appeal is whether the trial judge should have granted Petitioner's motion to recuse. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). Our standard of review in a Rule 10B appeal is de novo. *See* Tenn. Sup. Ct. R. 10B, § 2.01. "De novo" is defined as "anew, afresh, a second time." *Simms Elec., Inc. v. Roberson Assocs., Inc.*, No. 01-A-01-9011CV00407, 1991 WL 44279, at *2 (Tenn. Ct. App. Apr. 3, 1991) (quoting *Black's Law Dictionary* 392 (5th ed. 1979)).

If we determine, after reviewing the petition and supporting documents, that no answer is needed, we may act summarily on the appeal. Tenn. Sup. Ct. R. 10B, § 2.05. Otherwise, this court must order an answer and may also order further briefing by the parties. *Id.* Tenn. Sup. Ct. R. 10B, § 2.06 also grants this court the discretion to decide the appeal without oral argument. Based upon our review of the petition for recusal appeal, which is entitled Notice of Appeal, we have determined that neither an answer, additional briefing, nor oral argument is necessary, and we elect to act summarily on the appeal in accordance with Tenn. Sup.Ct. R. 10B, §§ 2.05 and 2.06.

### ANALYSIS

In his Notice of Appeal Petitioner states:

Notice is hereby given that Plaintiff, Johan Paul Anders, hereby appeal [sic] the Order Denying Amend [sic] Motion to Recue [sic] Judge Gina Higgins entered on Jan. 17, 2020, in the above captioned case to the Tennessee Court of Appeals in Jackson, Tennessee.

Petitioner's Notice of Appeal, which only states what is quoted immediately above and is the only document filed in furtherance of the petition for recusal appeal, profoundly fails to comply with Tenn. Sup. Ct. R. 10B, § 2. It neither addresses nor complies with any of the following requirements under Rule 10B, § 2 titled "Availability of Interlocutory Appeal as of Right Following Denial of Disqualification or Recusal Motion." The rule provides in pertinent part that when the trial judge denies a motion for recusal, the ruling can be appealed in an accelerated interlocutory appeal as of right, as provided in section 2, which is one of two alternative methods of appeal that are the exclusive methods for seeking appellate review of any issue concerning the trial court's denial of a motion for recusal. *See* Tenn. Sup. Ct. R. 10B, § 2.01.

To effect an accelerated interlocutory appeal as of right from the denial of a motion for recusal of the trial court judge, the petition for recusal appeal shall contain the following:

(a) A statement of the issues presented for review; (b) A statement of the

facts, setting forth the facts relevant to the issues presented for review; (c) An argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities; and (d) A short conclusion, stating the precise relief sought.

Tenn. Sup. Ct. R. 10B, § 2.03. Additionally, Rule 10B requires that the petition shall be accompanied by "a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." *Id*.

Here, Petitioner complied with none of the above requirements, literally none of them. As such, his petition for recusal appeal is so profoundly deficient that it prevents this court from conducting a meaningful review. Accordingly, the judgment of the trial court is affirmed.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Petitioner, Jonah Paul Anders.

_____
FRANK G. CLEMENT JR., P.J., M.S.