IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 31, 2026

## SAMUEL FORRESTER HUNTER v. WINNIE SUE COOPER

**Appeal from the Chancery Court for Williamson County**
**No. 19CV-48536     Deana C. Hood, Judge**
_____

**No. M2026-00457-COA-T10B-CV**
_____

This is an accelerated interlocutory appeal as of right, pursuant to Tennessee Supreme Court Rule 10B, filed by Samuel Forrester Hunter ("Father") seeking to recuse the trial judge in this case. Having reviewed the petition for recusal appeal filed by Father, and finding no error, we affirm the denial of the recusal motion.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;**
**Judgment of the Chancery Court Affirmed**

JOHN W. MCCLARTY, P.J., E.S., delivered the opinion of the court, in which ANDY D. BENNETT and CARMA DENNIS MCGEE, JJ., joined.

Samuel Forrester Hunter, College Grove, Tennessee, appellant, *pro se*.

John D. Schwalb, Franklin, Tennessee, for the appellee, Winnie Sue Cooper.

## OPINION

### I. BACKGROUND

The underlying action in the matter concerns a petition for modification of parenting order originally filed August 30, 2022. On February 2, 2026, counsel for Father withdrew from representation approximately two months prior to the scheduled trial date. Father thereafter requested a continuance to obtain substitute counsel and adequately prepare for trial. The trial court denied the request for continuance and directed Father to represent himself if counsel could not be obtained. Father contends that the denial was given without cause or reason.

On March 14, 2026, Father filed a motion for recusal of the trial judge. In addition to his allegations regarding the denial of the continuance, Father contends that the trial court made defamatory and derogatory references about him. Father further asserts that he experienced communications from an officer of the court that raised concerns regarding the appearance of impartiality in the proceedings. He maintains that the trial court was overly solicitous to Winnie Sue Cooper ("Mother"), ignoring her mental health issues and minimizing substance abuse matters.

The trial court denied Father's motion for recusal:

[T]his allegation is a matter of judicial rulings and case management and not impartiality. The Court's reasoning for denying a continuance in this matter is based upon the following: 1) this matter was originally filed on August 30, 2022 and the parties need resolution; 2) this is the third (3rd) time this matter has been set for trial—the first (1st) setting having been continued because matter remained pending at the Tennessee Court of Appeals, and the second (2nd) setting having been continued justifiably because of the death in the family of Father's former counsel; 3) Father does not have an attorney due to his own conduct; and 4) the Court finds a continuance would result in injustice to Mother.

For the foregoing reasons, the Court finds that Father failed to provide any evidence that would prompt a reasonable, disinterested person to believe that this Court's impartiality might reasonably be questioned….

## II. ISSUE

Father asserts that the issue before this court is whether a reasonable person would question the trial court's impartiality where, shortly before a complex, multi-day trial involving potential contempt sanctions, the court permitted counsel to withdraw, denied continuance, and required the petitioner to proceed *pro se*.

## III. STANDARD OF REVIEW

Interlocutory appeals of right from the denial of recusal motions are governed by Tennessee Supreme Court Rule 10B. We review a trial court's ruling on a motion for recusal under a *de novo* standard of review with no presumption of correctness. Tenn. Sup. Ct. R. 10B § 2.01. "The party seeking recusal bears the burden of proof, and 'any alleged bias must arise from extrajudicial sources and not from events or observations during litigation of a case.'" *Neamtu v. Neamtu*, No. M2019-00409-COA-T10B-CV, 2019 WL 2849432, at *2 (Tenn. Ct. App. July 2, 2019) (quoting *Williams by & through Rezba v.*

*HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015)). As this court explained in *Neamtu*:

> The party seeking recusal bears the burden of proof. *Williams*, 2015 WL 2258172, at *5; *Cotham v. Cotham*, No. W2015-00521-COA-T10B-CV, 2015 WL 1517785, at *2 (Tenn. Ct. App. Mar. 30, 2015) (*no perm. app. filed*). "[A] party challenging the impartiality of a judge 'must come forward with some evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned.'" *Duke* [*v. Duke*], 398 S.W.3d [665,] 671 [(Tenn. Ct. App. 2012)] (quoting *Eldridge v. Eldridge*, 137 S.W.3d 1, 7-8 (Tenn. Ct. App. 2002)). When reviewing requests for recusal alleging bias, "it is important to keep in mind the fundamental protections that the rules of recusal are intended to provide." *In re A.J.*, No. M2014-02287-COA-R3-JV, 2015 WL 6438671, at *6 (Tenn. Ct. App. Oct. 22, 2015), *perm. app. denied* (Tenn. Feb. 18, 2016). "**The law on judicial bias is intended 'to guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court had reached a prejudged conclusion because of interest, partiality, or favor.'**" *Id.* (quoting *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009)).

*Neamtu*, 2019 WL 2849432, at *3 (quoting *In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *2 (Tenn. Ct. App. Aug. 31, 2016)) (emphasis in original).

Furthermore, "a judge should not decide to recuse unless a recusal is truly called for under the circumstances." *Rose v. Cookeville Reg'l Med. Ctr.*, No. M2007-02368-COA-R3-CV, 2008 WL 2078056, at *2 (Tenn. Ct. App. May 14, 2008). This is true because "'[a] judge has as much of a duty not to recuse himself absent a factual basis for doing so as he does to step aside when recusal is warranted.'" *Id*. at *2 (quoting *Mass v. McClenahan*, No. 93 Civ. 3290 (JSM), 1995 WL 106106, at *1 (S.D.N.Y. Mar. 9, 1995)). Recusal based upon an asserted appearance of bias or prejudice "is appropriate only if the facts provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." *Id*. at *2 (quoting *In re United States*, 666 F.2d 690, 695 (1st Cir. 1981)).

## IV. DISCUSSION

After a review of the petition and supporting documents submitted with the petition, we have determined in this case that an answer, additional briefing, and oral argument are unnecessary to our disposition because the record provided by Father does not demonstrate error by the trial judge with regard to the denial of the motion for recusal. As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of Rule

10B. *See* Tenn. Sup. Ct. R. 10B, § 2.05 ("If the appellate court, based upon its review of the [p]etition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court."); § 2.06 ("An accelerated interlocutory appeal shall be decided by the appellate court on an expedited basis. The appellate court's decision, in the court's discretion, may be made without oral argument.").

The majority of Father's allegations involve adverse rulings during the trial court proceedings that Father equates to bias against him. As this court observed in *In Re Conservatorship of David William Milem*, No. W2023-01743-COA-T10B-CV, 2024 WL 326863 (Tenn. Ct. App. Jan. 29, 2023):

> Adverse rulings and a litigant's resultant unhappiness with the rulings, even if the Trial Court's rulings are erroneous and numerous, are insufficient, without more, to justify recusal. Without question, "[t]he right to a fair trial before an impartial tribunal is a fundamental constitutional right." *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)); *see also* Tenn. Const. Art. VI, § 11. This constitutional right "is intended 'to guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court had reached a prejudged conclusion because of interest, partiality, or favor.'" *Id.* (quoting *Austin*, 87 S.W.3d at 470). "[P]reservation of the public's confidence in judicial neutrality requires not only that the judge be impartial in fact, but also that the judge be perceived to be impartial." *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998); *see also Offutt v. United States*, 348 U.S. 11, 14 (1954) (holding that "justice must satisfy the appearance of justice"). As such, Rule 2.11(A) of the Code of Judicial Conduct as set forth in Rule 10 of the Rules of the Supreme Court of Tennessee requires a judge to recuse himself or herself "in any proceeding in which the judge's impartiality might reasonably be questioned." *See also Smith v. State*, 357 S.W.3d 322, 341 (Tenn. 2011) ((noting that recusal is required, even if a judge subjectively believes he or she can be fair and impartial, whenever "'the judge's impartiality might be reasonably questioned because the appearance of bias is as injurious to the integrity of the judicial system as actual bias'"(quoting *Bean*, 280 S.W.3d at 805)).

> The terms "bias" and "prejudice" generally "refer to a state of mind or attitude that works to predispose a judge for or against a party"; however, "[n]ot every bias, partiality, or prejudice merits recusal." *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). To merit disqualification of a trial

judge, "prejudice must be of a personal character, directed at the litigant, 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from … participation in the case.'" *Id*. "If the bias is based upon actual observance of witnesses and evidence given during the trial, the judge's prejudice does not disqualify the judge." *Id*. "However, if the bias is so pervasive that it is sufficient to deny the litigant a fair trial, it need not be extrajudicial." *Id*. That said, "[a] trial judge's adverse rulings are not usually sufficient to establish bias." *State v. Cannon*, 254 S.W.3d 287, 308 (Tenn. 2008); *see also Alley*, 882 S.W.2d at 821. In fact, "[r]uling of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." *Alley*, 882 S.W.2d at 821; *see also State v. Reid*, 313 S.W.3d 792, 816 (Tenn. 2006). In other words, "if the bias is alleged to stem from events occurring in the course of the litigation, the party seeking recusal has a greater burden to show bias that would require recusal, i.e., that the bias is so pervasive that it is sufficient to deny the litigant a fair trial." *McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, *3 (Tenn. Ct. App. Feb. 11, 2014)….

*Id.* at *4. We note that the only order this court may review as to its correctness or merits in a Rule 10B recusal appeal is the trial court's order denying a motion to recuse. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012).

Upon thorough review of the record and considering cumulatively all of the above actions by the trial judge, we conclude that Father has failed to produce evidence that would prompt a person of ordinary prudence in the trial judge's position, with knowledge of all facts known to the trial judge, to find a "reasonable basis for questioning the judge's impartiality." *See Adams v. Dunavant*, 674 S.W.3d 871, 878 (Tenn. 2023). Father failed to satisfy his burden of proof. Thus, we discern no error in the denial of the motion for recusal.

## V. CONCLUSION

For the foregoing reasons, we affirm the trial court's denial of the motion for judicial recusal. The costs of this appeal are taxed to Samuel Forrester Hunter, for which execution may issue. This case is remanded for further proceedings.[1]

s/John W. McClarty
JOHN W. McCLARTY, JUDGE

---

[1] Father's emergency motion to stay entry of judgment and post-trial court proceedings that was filed with this court is **DENIED** as moot.