FILED

06/25/2020

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 8, 2020

## IN RE ESTATE OF DORIS MARIE SUBLETT DORNING

**Appeal from the Chancery Court for Lewis County**
**No. 2020-CV-30     Michael E. Spitzer, Judge**

_____

### No. M2020-00787-COA-T10B-CV
_____

A Tennessee Supreme Court Rule 10B petition for recusal appeal was filed in this Court
following the trial court's denial of a motion for recusal. For the reasons stated herein,
we affirm the trial court's denial of the motion.


**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Chancery
Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which JOHN W. MCCLARTY
and W. NEAL MCBRAYER, JJ., joined.

Larry Richard Dorning, Franklin, Tennessee, pro se.

Paul A. Gontarek, Nashville, Tennessee, for the appellee, Joshua Christian Mercer,

Elizabeth A. M., Brentwood, Tennessee, pro se.

Madelyn J. M., Brentwood, Tennessee, pro se.

Judy Ann Mercer, Brentwood, Tennessee, pro se.

Bill Bates, Trustee, Doris Marie Sublett Dorning Family Trust, Linden Tennessee.

Jerry Mercer, Hohenwald, Tennessee, pro se.

## OPINION

## Background and Procedural History

This is an accelerated interlocutory appeal filed pursuant to Tennessee Supreme Court Rule 10B. The appeal arises out of probate litigation in the Chancery Court of Lewis County. Specifically, the present controversy arises from the filing of a will contest by Appellant Larry R. Dorning ("Appellant").[1] Appellant challenged the validity of a 2018 will of his mother, Doris Dorning ("the Decedent"). As grounds for his will contest, Appellant alleged that the Decedent lacked mental and testamentary capacity to execute the will and further asserted that she had been under duress and undue influence incident to its execution.

As is relevant here, a motion to recuse the trial court judge was filed by Appellant in March 2020,[2] and subsequently, on May 15, 2020, the court entered an order denying the motion. The present appeal followed when Appellant filed a petition for recusal appeal in this Court pursuant to Tennessee Supreme Court Rule 10B. *See* Tenn. Sup. Ct. R. 10B, § 2.01 ("If the trial court judge enters an order denying a motion for the judge's disqualification or recusal . . . the trial court's ruling . . . can be appealed in an accelerated interlocutory appeal as of right."). Having reviewed Appellant's petition for recusal appeal, along with its supporting materials, we are of the opinion that an answer, additional briefing, and oral argument are unnecessary to our disposition. As such, we act summarily to consider the appeal. *See* Tenn. Sup. Ct. R. 10B, § 2.05 ("If the appellate court, based upon its review of the petition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal."); *see also* Tenn. Sup. Ct. R. 10B, § 2.06 (providing that the accelerated interlocutory appeal shall be decided on an expedited basis and, in the court's discretion, without oral argument).

## Issue Presented

The only order this Court may review on an appeal pursuant to Tennessee Supreme Court Rule 10B is the trial court's order denying a motion to recuse. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). Our sole concern, therefore, is whether the trial court erred in denying Appellant's motion for recusal. *McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *1 (Tenn. Ct. App. Feb. 11, 2014). Here, as will be discussed below, Appellant offers several arguments as to why he believes the trial judge's recusal is warranted

---

[1] Although Appellant proceeded pro se, we observe that the materials submitted on appeal indicate that he practiced law for more than 30 years, with much of that time spent practicing in his hometown of Hohenwald, Tennessee.

[2] As further discussed below, a copy of this initial motion to recuse the trial judge was not provided by Appellant as an attachment to his petition for recusal appeal.

**Standard of Review**

We review the trial court's ruling on the motion for recusal under a de novo standard of review. Tenn. Sup. Ct. R. 10B, § 2.01.

**Discussion**

"The right to a fair trial before an impartial tribunal is a fundamental constitutional right." *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)). Preserving public confidence in judicial neutrality, however, requires more than ensuring that a judge is impartial in fact. *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998). It is also important that a judge be perceived to be impartial. *Id.* In keeping with this principle, Tennessee Supreme Court Rule 10, Code of Judicial Conduct Rule 2.11 provides that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned[.]" Even when a judge sincerely believes that he or she can preside over a matter in a fair and impartial manner, recusal is nonetheless required where a reasonable person "in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564-65 (Tenn. 2001) (quoting *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)).

Alleged biases must generally arise from extrajudicial sources in order to justify a recusal. *McKenzie*, 2014 WL 575908, at *3. However, if a bias is alleged to stem from events occurring in the course of the litigation of a case, the party seeking a judge's recusal has a greater burden to show that recusal is required. *Id.* In such circumstances, the party seeking recusal must show that the bias "is so pervasive that it is sufficient to deny the litigant a fair trial." *Id.*

Before considering the merits of Appellant's arguments for the trial judge's recusal, we first broach a concern regarding his appellate submission. Interlocutory appeals under Tennessee Supreme Court Rule 10B are to be expedited, Tenn. Sup. Ct. R. 10B, § 2.06, and the initiating appellate petitions are required to comply with several requirements. In addition to mandating that the petition for recusal appeal contain certain content requirements, Tennessee Supreme Court Rule 10B states that the petition "shall be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03. As we have stressed previously, these requirements are important ones:

> We emphasize . . . that the accelerated nature of these interlocutory appeals as of right requires **meticulous compliance** with the provisions of Rule

- 3 -

10B regarding the content of the record provided to this Court so as to allow this Court to meet its obligations under section 2.06 of the rule, which requires this Court to decide these appeals "on an expedited basis." As such, **it is imperative that litigants file their petitions for recusal appeal in compliance with the mandatory requirements of Rule 10B in the first instance**.

*Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015) (emphases added).

Here, a deficiency exists with the appeal in that the March 2020 motion for the trial judge's recusal is absent from the appellate submission. Included instead is a "Substituted Motion to Recuse," which was filed in the trial court nearly two weeks *after* the trial judge entered his order denying Appellant's recusal request. The absence of the specific motion addressed by the trial court amounts to noncompliance with Rule 10B and, as this Court has explained on a previous occasion, can present an impediment to review:

> Father's petition for recusal appeal does not include a copy of the motion for recusal filed in the trial court. The petition does include a statement of the issues and an argument section that detail "examples" or facts that Father describes as being included in the motion for recusal filed in the trial court. But we have no means to confirm this absent a copy of the motion for recusal.
>
> . . . .
>
> In this instance . . . we cannot excuse Father's failure to comply with Rule 10B's requirement that he supply a copy of the motion for recusal filed with the trial court. The motion's absence renders a de novo review of the trial court's decision unfeasible.

*Cisneros v. Miller*, No. M2016-02426-COA-T10B-CV, 2017 WL 113964, at *2 (Tenn. Ct. App. Jan. 6, 2017).

As a technical matter, we could dismiss this appeal outright based on this concern. Again, the trial court's order denying recusal was in reference to a motion filed in March 2020. That motion was not attached to Appellant's initiating petition.

Nevertheless, we will proceed to address the substance of Appellant's articulated grievances. The "Substituted Motion to Recuse" avers that it is identical in content to the motion to recuse filed in March 2020 and suggests that it was simply filed "for the

exclusive purpose of adding paragraph numbers and page numbers." We have no way of definitively confirming this based on the submission alone, but we suspect it to be true, as the order denying Appellant's request for recusal appears to be responsive to the same concerns detailed in the subsequently-filed substituted motion. To the extent that we have overlooked deficiencies with Appellant's submission to this Court, we caution litigants that we may not be as forgiving in the future.

As we understand it, Appellant's case for the trial court judge's recusal is based on the following arguments, some of which are overlapping: (1) the trial judge has personal knowledge of facts in this case, (2) the trial judge will be a necessary witness, (3) the trial judge served as a lawyer in this matter, (4) the trial judge has an interest in the outcome of the will contest, and (5) comments by the trial judge indicate his bias or prejudice. We turn first to the arguments that the judge previously served as an attorney in this matter, has personal knowledge about the case, and will be a necessary witness.

The first arguments to which we turn all revolve around the trial court judge's previous career as an attorney in private practice in Hohenwald, Tennessee, specifically his preparation of certain deeds for the Decedent in 2013. Appellant complains of the fact that the Decedent had executed these deeds without his knowledge and submits that the 2013 deeds were part of a larger scheme of secrecy that was used to induce the Decedent to execute the will in question. The upshot of the argument, therefore, at least insofar as we understand it from the discussion in Appellant's submission to this Court and the documents attached thereto, is that evidence pertaining to the 2013 deeds is needed to somehow show undue influence in connection with the will. We fail to see how any knowledge by the trial court judge pertaining to the preparation of the 2013 deeds is relevant to the ultimate question before the trial court judge of whether the 2018 will was a product of undue influence. As such, it is not clear as to why his testimony about any events in 2013 would be properly probative of the Decedent's actions and capacity in 2018. There is no suggestion that the trial court judge was involved in any way in connection with the preparation of the will. We respectfully reject Appellant's contention that the mentioned events from 2013 are necessary to evaluating the propriety of the 2018 will at issue in the will contest proceeding.[3]

We next shift our attention to Appellant's concern that the trial court judge has an interest in the outcome of this proceeding. Appellant's position is predicated upon the argument that the 2013 deeds regarding certain farm property, prepared by the trial court judge, failed to reference existing power line rights of adjoining properties. This, Appellant fears, could relieve the grantee under the 2013 deeds of the obligation to

---

[3] As to the specific contention that the trial court judge served as an attorney in this case, the materials before us simply reflect that the judge's law firm drafted certain deeds for the Decedent in 2013. Appellant has not shown that the judge was ever retained by any of the parties adverse to him in this proceeding or that the judge participated in any of the events pertaining to the creation of the will.

furnish electricity to those with adjoining land interests such as Appellant. Appellant has threatened possible litigation against the trial court judge as a result and actually suggested that the potential damages against the judge would be greater if Appellant were successful in the will contest, as Appellant would have greater ownership rights with regard to adjoining property if he prevails. It is unclear to us how an alleged drafting error of the judge could unilaterally destroy any vested property rights of third parties such that power could be "cut off" by the grantee under the 2013 deeds. Moreover, it is not immediately clear to us what standing Appellant would have to sue *the judge* if the grantee did at some point attempt to interfere with alleged property rights of Appellant.

Appellant has argued that "[t]here can be no place for the argument that the balance of the farm will have a right to power from the power lines. That would be an issue to be litigated. [Appellant] would be required to pay for the litigation."[4] No doubt, Appellant has expressed a desire to potentially include the judge in a future lawsuit over yet-to-be realized interference by the grantee with supposed power rights, but it is well-settled that a party cannot just threaten litigation as a means to justify a judge's disqualification or recusal:

> [T]he filing of a lawsuit against the trial judge is normally insufficient to warrant recusal. To hold otherwise would mean that a litigant could automatically disqualify a judge by the filing of a frivolous suit and would set a dangerous precedent inviting additional frivolous litigation, manipulation of the judicial system, and forum shopping.

*In re Conservatorship of Tate*, No. M2012-01918-COA-10B-CV, 2012 WL 4086159, at *3 (Tenn. Ct. App. Sept. 17, 2012) (internal citation omitted). We do not share Appellant's concern with regard to this particular argument and, as such, turn our attention to the final grievance raised over the trial judge's failure to recuse.

We conclude our discussion by addressing Appellant's argument that certain past comments by the trial court judge are indicative of his bias or prejudice and therefore require recusal. In pertinent part, Appellant takes issue with remarks made by the trial court judge in a prior order denying recusal which was entered incident to a conservatorship proceeding commenced by Appellant. The language at issue from the court's order in the conservatorship matter is provided below, with emphases added for the words to which Appellant objects most vigorously:

> [U]pon a review of Rule 10, the Court turns to the present motion to recuse. Upon initial appearance it is **blatantly** evident that the Petitioner has failed to even **minimally** follow the guidelines established for filing such a motion.

---

[4] This quoted argument appears in the "Substituted Motion to Recuse."

. . . .

Therefore, on first blush, the motion to recuse is **woefully** inadequate and should be summarily denied on this ground alone.

Appellant also criticizes the judge's assessment in that order that the Appellant had made certain statements that were "at best, frivolous" and that the filing had been for "harassment or unnecessary delay."

Although Appellant characterizes the trial judge's order in the conservatorship matter as involving "slurs" and intentional denigrations, we do not view the order in this light. The order simply makes certain conclusions as to the sufficiency of Appellant's legal filing. Indeed, whereas Appellant appears to be particularly aggrieved with the judge's use of the qualifiers "blatantly," "minimally," and "woefully," we do not view these as slurs or revelatory of any animus. They are descriptors merely used to highlight the degree of Appellant's noncompliance with the applicable filing requirements. To the extent that the remarks might be construed as expressing some irritation on the part of the judge for Appellant's failure to comply with filing guidelines, this itself would be insufficient to support recusal. "A judge's irritation or exasperation with counsel, criticism of counsel for perceived delays or failures to follow rules, friction occurring during litigation, or even sanctions and contempt charges do not establish the objective personal bias that would prevent a fair assessment of the merits of the case." *McKenzie*, 2014 WL 575908, at \*5; *see also Liteky v. U.S.*, 510 U.S. 540, 555-56 (1994) ("*Not* establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune."). "Any comments made by the trial court must be construed in the context of all the facts and circumstances to determine whether a reasonable person would construe those remarks as indicating partiality on the merits of the case." *McKenzie*, 2014 WL 575908, at \*6. Here, we see no evidence of disqualifying bias.

**Conclusion**

In light of the foregoing discussion, the decision of the trial court is hereby affirmed.

_____
ARNOLD B. GOLDIN, JUDGE