IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 8, 2024

**STATE EX REL. LARONDA JOHNSON v. JACOB C. MORTON**

**Appeal from the Circuit Court for Robertson County**
**No. 74CC1-2016-CV-410  Adrienne Gilliam Fry, Judge**

_____

**No. M2024-00409-COA-T10B-CV**

_____

Mother seeks accelerated review of the denial of her motions to recuse both the trial judge and the child support magistrate. After a de novo review, we affirm the denial of the motion to recuse the trial judge. We transfer the appeal of the denial of the motion to recuse the child support magistrate to the trial court.

**Tenn. Sup. Ct. R. 10B Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ARNOLD B. GOLDIN, J., joined.

LaRonda F. Johnson, New Market, Alabama, pro se appellant.[1]

**OPINION**

**I.**

In 2016, LaRonda Johnson ("Mother"), a resident of Alabama, sought child support from a resident of Tennessee, Jacob Morton III ("Father"). Because the parents lived in different states, the Uniform Interstate Family Support Act ("UIFSA")[2] required a Tennessee support enforcement agency to provide certain services to Mother, as petitioner,

---

[1] We have determined that no answer or oral argument is necessary, so we act summarily on this appeal. TENN. SUP. CT. R. 10B, §§ 2.05, 2.06.

[2] "All states have enacted a version of UIFSA, which creates a single, comprehensive, framework for establishing and enforcing child support orders across state lines." *State ex rel. Schrita O. v. Robert T.*, No. W2017-00073-COA-R3-JV, 2017 WL 5501345, at *2 n.6 (Tenn. Ct. App. Nov. 16, 2017).

upon her request.[3]  *See* Tenn. Code Ann. § 36-5-2307 (2021); *see also id.* § 36-5-2101(27) (2021) (defining "[s]upport enforcement agency").  Services came via the Robertson County Child Support Office and an assistant district attorney, who filed a petition on behalf of Mother to establish paternity and to set child support.  *See id.* § 36-5-2301(b) (2021) (authorizing a support enforcement agency to initiate a proceeding to establish child support).  Father hired an attorney; Mother did not.

After Father's paternity was established, the court entered an agreed order setting Father's parenting time and child support obligation.  *See id.* § 36-5-405(e) (2021).  In the order, "Mother and Father agree[d] that no arrearage amount shall be set by this agreement; and, thus, accordingly, the arrearage amount shall be set at **$00.00.**"  Further, Mother and Father acknowledged "that by waiving all child support arrearage at this time, that the Mother [wa]s permanently waiving [all past child support] arrearages."  Both Mother and Father, along with Father's attorney and the assistant district attorney, signed the order prior to its submission to the court.

According to Mother, she later sought the assistance of the Child Support Office when Father failed to respond to her continuing requests for reimbursement of ongoing medical and extracurricular expenses for the child.  She shared expense summaries and receipts with the Child Support Office, apparently assuming that the assistant district attorney would use them to draft an enforcement petition.  Instead, the Child Support Office sent Father a letter along with Mother's documentation.  Father responded with a check for part of the requested expenses and a written explanation for not paying the remainder.  The Child Support Office gave these items to Mother.  Mother interpreted this as the State's denial of the remainder of her claims.

Unhappy with this response, Mother submitted numerous pleadings and motions seeking child support retroactive to the child's birth.  The assistant district attorney argued Mother could not receive retroactive child support because of her past waiver.  But, due to procedural issues, the child support magistrate never ruled on the merits of these arguments.  So, when Mother set hearings before the trial judge, the assistant district attorney again opposed Mother by opining that the matter was not properly before that court.  The trial judge agreed.

Mother claimed that the assistant district attorney was unethically "representing two opposing positions" by initially making arguments that aligned with her interests but now making arguments that aligned with Father's interests.  And she believed the child support magistrate and the trial judge were improperly condoning this conflict of interest and

---

[3] Title IV-D of the Social Security Act requires all states to have a child support program.  *See* 42 U.S.C. § 651.  The Tennessee Department of Human Services enforces the child support program under Title IV-D.  Tenn. Code. Ann. § 36-5-2102 (2021).

engaging in ex parte communications with the assistant district attorney. So Mother filed a motion to recuse the assistant district attorney, the trial judge, and the child support magistrate, and to transfer the case out of Robertson County. When a new child support magistrate was assigned to the case, Mother filed a second motion to recuse him too.

After a hearing on both motions to recuse, the child support magistrate entered findings and orders denying Mother's motions. The trial judge then confirmed the order as to the first motion, but she did not mention the second motion. *See* Tenn. Code Ann. § 36-5-405(i) (explaining that the child support magistrate's findings and recommendations "become the final decree of the court when confirmed by an order of the judge").

## II.

Although Mother presents five issues on appeal, in effect asking us to review the denial of all of the relief she sought in her two recusal motions, in a Tennessee Supreme Court Rule 10B accelerated appeal, our review is limited to the refusal of the trial judge or other judicial officer to recuse. *See* TENN. SUP. CT. R. 10B §§ 2.01, 4.04; *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). Thus, we consider only the denial of Mother's request for the recusal of the trial judge and the child support magistrate. We review these issues de novo. *See* TENN. SUP. CT. R. 10B § 2.01.

### A.

Mother seeks the trial judge's recusal for an alleged pattern of impropriety based on bias favoring the assistant district attorney and, by extension, Father. The Tennessee Rules of Judicial Conduct require a judge to avoid even the appearance of impropriety. TENN. SUP. CT. R. 10, RJC 1.2. And a judge must recuse "in any proceedings in which the judge's impartiality might reasonably be questioned." *Id.*, RJC 2.11(A). This has been interpreted to mean that "recusal is . . . warranted when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994); *see also Adams v. Dunavant*, 674 S.W.3d 871, 878 (Tenn. 2023); *Cook v. State*, 606 S.W.3d 247, 255 (Tenn. 2020).

Of course, "a judge who receives information indicating a substantial likelihood that a lawyer has committed a violation of the Rules of Professional Conduct shall take appropriate action." TENN. SUP. CT. R. 10, RJC 2.15(D). Among other things, a lawyer may violate the Rules by representing a client where "there is a significant risk that the representation . . . will be materially limited by the lawyer's responsibilities to another client, a former client[,] or a third person," by "us[ing] information relating to representation of a client to the disadvantage of the client" without permission, or by failing

3

to act with reasonable diligence in representing a client. TENN. SUP. CT. R. 8, RPC 1.3, 1.7(a)(2), 1.8(b). A lawyer may also violate the Rules via "conduct involving dishonesty, fraud, deceit, or misrepresentation" or ex parte communications. *Id.*, RPC 3.5(b), 8.4(c). Here, Mother alleges that the assistant district attorney committed each of these violations but the judge took no action.[4]

We find no evidence of these violations in the numerous documents filed by Mother in support of her petition for recusal. Instead, Mother's request for the trial judge's recusal appears premised on a misimpression of the assistant district attorney's role. She believes the assistant district attorney violated RPC 1.3 by not filing an enforcement petition, RPC 1.8(b) by sending the letter with expense documents to Father, and RPC 1.7(a)(2) by taking positions that aligned with Father's interests on certain issues. These claims are based on the idea that the assistant district attorney represents Mother's interests. The assistant district attorney does not represent Mother. *See* Tenn. Code Ann. § 36-5-2307(f) (explaining that the entitlement to request assistance from the State does "not create . . . a relationship of attorney and client or other fiduciary relationship between a support enforcement agency or the attorney for the agency and the individual being assisted by the agency").

Mother also alleges that the trial judge appeared to have engaged in ex parte communications with the assistant district attorney that led her to prejudge the case and "stage" rehearsed hearings. *See* TENN. SUP. CT. R. 10, RJC 2.9(A). Although Mother's filings are rife with speculation, the facts presented by Mother do not support this claim. Conjecture is insufficient to justify recusal.

B.

Mother seeks the child support magistrate's recusal based on the same misimpression regarding the assistant district attorney's role. We review a decision denying recusal of a judicial officer such as a magistrate under Rule 10B, § 4. TENN. SUP. CT. R. 10B § 4. This section does not provide a right to an accelerated interlocutory appeal from a magistrate's decision. *See In re Haven-Lee S.*, No. W2022-00124-COA-T10B-CV, 2022 WL 468124, at *2 (Tenn. Ct. App. Feb. 16, 2022) (concluding there is no right to an accelerated interlocutory appeal from a juvenile court magistrate's decision denying recusal). Rather, appellate review of a magistrate's denial of a motion to recuse "depends on the forum in which the motion is made and is governed by the law applicable to that forum." TENN. R. SUP. CT. R 10B § 4.04; *In re Haven-Lee S.*, 2022 WL 468124, at *2. In

---

[4] Mother also argues that the assistant district attorney violated Tennessee Supreme Court Rule 8, RPC 4.3 by failing to inform Mother of a conflict of interest regarding the assistant district attorney's interests aligning with Father's interests on certain issues. But the record reveals that the assistant district attorney was clear that she represented the State.

a forum with a child support magistrate, the magistrate's findings and recommendations only "become the final decree of the court when confirmed by an order of the judge." Tenn. Code Ann. §§ 36-5-403, -405(i) (2021).

Because the trial court has not entered an order addressing the second motion to recuse, this decision is not properly before us.[5] When an appeal has been filed in the wrong court, it should be "transferred to the court having jurisdiction of the case, direct." *In re Haven-Lee S.*, 2022 WL 468124, at *2 (quoting Tenn. Code Ann. § 16-4-108(a)(2) (2021)). Here, the circuit court judge must review the magistrate's decision and enter a final order before appeal to this Court. So we transfer this matter to the circuit court to review the child support magistrate's recusal decision.

### III.

We affirm the trial court's decision to deny Mother's motion for recusal. The case is remanded for further proceedings consistent with this opinion.

    s/ W. Neal McBrayer        
W. NEAL MCBRAYER, JUDGE

---

[5] Mother recognized this issue and requested an extension of time to file her petition for accelerated interlocutory appeal. But this Court has no authority to waive or extend the twenty-one day time limit set forth in Tennessee Supreme Court Rule 10B § 2.02. *Watson v. Watson*, No. E2019- 00427-COA-T10B-CV, 2019 WL 1514087, at *2 (Tenn. Ct. App. Apr. 8, 2019); *Muse v. Jolley*, No. E2014-02462-COA-T10B-CV, 2015 WL 303366, at *2 (Tenn. Ct. App. Jan. 23, 2015).