IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 27, 2024

## MICHELLE MILLER v. CARLOS DURAND

**Appeal from the Chancery Court for Carter County**
**No. C230098     Suzanne S. Cook, Chancellor**

_____

**No. E2024-00889-COA-T10B-CV**
_____

This is an accelerated interlocutory appeal as of right. Michelle Miller, pursuant to Rule 10B of the Rules of the Supreme Court of Tennessee, appeals from the trial court's denial of her motion for recusal. Discerning no error upon our review of the petition for recusal appeal, we affirm.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;**
**Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and JEFFREY USMAN, J., joined.

Michelle Miller, Nashville, Tennessee, pro se appellant.

Jason Andrew Creech, Johnson City, Tennessee, for the appellee, Carlos Durand.

**OPINION**

### I.     BACKGROUND

In their previous post-divorce action, the parties, appellant Michelle Miller ("Mother") and appellee Carlos Durand ("Father"), litigated custody issues about their minor child. A guardian *ad litem* represented the child's interests. In that action, Mother filed a "request for [the trial judge's] recusal" on August 1, 2023. The Carter County Chancery Court ("trial court") denied the request and Mother did not perfect an appeal. After multiple hearings and the presentation of video evidence to the trial court, Mother and Father settled all pending issues in mediation. The trial court entered a permanent parenting plan and a consent order resolving all issues, both dated September 28, 2023.

Father was designated the primary residential parent. Neither party appealed from the September 28, 2023, order.

The litigation underlying this appeal began when Father filed a motion for injunctive relief on April 25, 2024, seeking to enjoin Mother from taking the minor child out of the State of Tennessee, involving him in legal matters within Costa Rica's jurisdiction, or transporting him to any international destination. On April 26, 2024, the trial court found "good cause to believe that irreparable harm will occur in the event injunctive relief is not granted." Accordingly, the trial court granted a temporary injunction, pursuant to Tennessee Rules of Civil Procedure 65 and 65.07, on the relief sought by Father. The order on Father's motion for injunctive relief advised Mother of her right to "HAVE A HEARING ON THIS ORDER ON THE NEXT COURT DAY FOLLOWING SERVICE OR AS SOON THEREAFTER AS POSSIBLE." Mother filed a request for a hearing and a response in opposition. The parties appeared for such hearing on May 6, 2024, in which Mother objected to the introduction of a report from the child's licensed counselor. The trial court ruled that the counselor's report was, by itself, hearsay and sustained Mother's objection. After determining that the counselor's testimony was necessary to resolve the issues before the court, the trial court continued the hearing to the next available date, June 28, 2024. The trial court offered the parties the opportunity to be heard on several earlier dates out-of-county, an option the parties had elected in their prior dispute, but Mother declined.

On May 16, 2024, Mother filed a motion to recuse the trial judge. By order entered May 30, 2024, the trial court denied Mother's motion to recuse. The court's order found that Mother's motion was untimely and procedurally deficient in certain respects, but the trial court nevertheless considered the motion "based on substance rather than form." The trial court also noted that Mother's motion to recuse omitted the fact that the court continued the May 6 hearing on the temporary injunction so that necessary expert testimony could be presented and subjected to cross-examination. Mother filed the instant interlocutory appeal as of right from the trial court's order denying recusal, pursuant to Tennessee Supreme Court Rule 10B.

## II.    DISCUSSION

We have reviewed Mother's "Amended Rule 10B Petition" and its supporting documents filed July 1, 2024. Upon review, we have determined that an answer, additional briefing, and oral argument are unnecessary to our disposition because the record provided by Mother does not demonstrate error by the trial judge as to the denial of Mother's motion for recusal. As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of Rule 10B. *See* Tenn. Sup. Ct. R. 10B, § 2.05 ("If the appellate

court, based upon its review of the petition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court."); § 2.06 ("An accelerated interlocutory appeal shall be decided by the appellate court on an expedited basis. The appellate court's decision, in the court's discretion, may be made without oral argument.").

Without question, "[t]he right to a fair trial before an impartial tribunal is a fundamental constitutional right." *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002), *abrogated on other grounds by State v. Miller*, 638 S.W.3d 136 (Tenn. 2021)); *see also* Tenn. Const. Art. VI, § 11. Rule 2.11(A) of the Code of Judicial Conduct as set forth in Rule 10 of the Rules of the Supreme Court of Tennessee requires a judge to recuse himself or herself "in any proceeding in which the judge's impartiality might reasonably be questioned." *See also Smith v. State*, 357 S.W.3d 322, 341 (Tenn. 2011) (Recusal is required, even if a judge subjectively believes he or she can be fair and impartial, whenever "'the judge's impartiality might be reasonably questioned because the appearance of bias is as injurious to the integrity of the judicial system as actual bias.'" (quoting *Bean*, 280 S.W.3d at 805)). "A motion to recuse should be granted when judges have any doubt about their ability to preside impartially in a case or when 'a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Boren v. Hill Boren, PC*, 557 S.W.3d 542, 548 (Tenn. Ct. App. 2017) (quoting *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564 (Tenn. 2001)).

The terms "bias" and "prejudice" generally "refer to a state of mind or attitude that works to predispose a judge for or against a party." *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). However, "[n]ot every bias, partiality, or prejudice merits recusal." *Id.* "Adverse rulings by a trial court are not usually sufficient grounds to establish bias." *Id.* In fact, "[r]ulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." *Id.* In other words, "if the bias is alleged to stem from events occurring in the course of the litigation of the case, the party seeking recusal has a greater burden to show bias that would require recusal, *i.e.*, that the bias is so pervasive that it is sufficient to deny the litigant a fair trial." *McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, *3 (Tenn. Ct. App. Feb. 11, 2014).

We review a trial court's ruling on a motion for recusal *de novo*. Tenn. Sup. Ct. R. 10B § 2.01. "The party seeking recusal bears the burden of proof." *Williams ex rel. Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015). We will not consider additional allegations of bias raised on appeal when not included in the initial motion for recusal filed in the trial court.

*See Malone v. Malone*, No. W2023-00843-COA-T10B-CV, 2023 WL 8457951, at *14 (Tenn. Ct. App. Dec. 6, 2023); *McKenzie*, 2014 WL 575908, at *6 n.3.

The majority of Mother's conclusory arguments presented in her amended petition concern events surrounding, allegations pertaining to, and the trial court's rulings from the prior litigation against Father. For example, Mother complains that "Judge Cook took our son out of my house and gave custody to [Father] a few hours after denying my [other] recusal request on August 8, 2023—all the while knowing [Father] was still awaiting trial for criminal child abuse in another country." All of this was resolved in mediation and was finalized by the permanent parenting plan and consent order entered September 28, 2023, from which neither party appealed. Therefore, we will not consider Mother's attempt to relitigate the prior case. The only order this Court may review as to its correctness or merits in a Rule 10B recusal appeal is the trial court's order denying a motion to recuse. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012) ("Pursuant to [Tennessee Supreme Court Rule 10B], we may not review the correctness or merits of the trial court's other rulings[.]").

As to the current action between the parties, as noted above, there is a temporary injunction in place. The temporary injunction prohibits the minor child from being transported out of state or out of the country, and further prohibits the child's involvement in any legal matter in Costa Rica. The hearing on the temporary injunction has yet to take place, but it was continued to June 28, 2024. The trial court's offer to schedule the hearing sooner than June 28, albeit out-of-county, was declined by Mother. In her amended Rule 10B petition, Mother now states that the trial court knew that the child was due to "testify against his father" in Costa Rica on May 17, 2024. Mother contends that by continuing the hearing on the temporary injunction, the trial court demonstrated bias and "discriminat[ion] against [the child's] Costa Rican citizenship." She further asserts that "Judge Cook has used her bias to illegally interfere with the criminal trial outside her jurisdiction." In the same breath, Mother notes that "The Costa Rica Criminal court has rescheduled [Father's] trial for November 13, 2024."

Mother's argument is unavailing. The trial court's ruling gave Mother an opportunity to cross-examine the child's counselor at the future hearing on the temporary injunction. She has not presented a meritorious argument that the trial judge's ruling to continue the May 6 hearing was adverse to her, let alone erroneous, let alone demonstrative of bias so pervasive as to be unfair. *See McKenzie*, 2014 WL 575908, *3. Therefore, we find no basis upon which to conclude that a person of ordinary prudence in the trial judge's position, knowing all of the facts known to her, would find a reasonable basis for questioning the trial judge's impartiality. *See Davis*, 38 S.W.3d at 564; Tenn. Sup. Ct. R. 10, RJC 2.11(A). With the foregoing considerations in mind, we affirm the trial court's May 30, 2024 order denying Mother's motion for recusal.

## III. CONCLUSION

We affirm the trial court's May 30, 2024 order. The case is remanded for further proceedings. Costs of the appeal are taxed to the appellant, Michelle Miller, for which execution may issue.

_____
JOHN W. McCLARTY, JUDGE