IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 20, 2025

## SALLY MCIVER v. KEITH DESSINGER

**Appeal from the Circuit Court for Shelby County**
No. CT-2161-20            Karen R. Williams, Judge

_____

### No. W2025-00921-COA-T10B-CV

_____

This is an interlocutory appeal as of right filed pursuant to Tennessee Supreme Court Rule 10B by the defendant, Keith Dessinger, concerning his motion seeking recusal of the trial court judge. Having reviewed the petition for recusal appeal filed by Mr. Dessinger, we determine it to be fatally deficient. We therefore dismiss the appeal.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;**
**Appeal Dismissed**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which JEFFREY USMAN, J., joined. VALERIE L. SMITH, J., not participating.

Keith Dessinger, Grosse Pointe Park, Michigan, Pro Se.

Lisa J. Gill, Memphis, Tennessee, for the appellee, Sally McIver.

### OPINION

On June 20, 2025, Mr. Dessinger filed with this Court a "Notice of Interlocutory Appeal Under Tenn. Sup. Ct. R. 10B." In this document, Mr. Dessinger stated that on May 22, 2025, he had filed a motion with the Shelby County Circuit Court ("trial court") seeking the trial court judge's recusal in the underlying action. According to Mr. Dessinger, the trial court had not ruled upon his motion as of June 6, 2025, at which point Mr. Dessinger believed that the motion was "deemed denied under Rule 10B, § 1.01 and § 2.06." Mr. Dessinger attached a copy of his motion filed in the trial court to his petition for recusal appeal, as well as a "Statement of Constructive Denial," which is addressed to the trial court but does not bear a file stamp.[1]

---

[1] We note that Tennessee Supreme Court Rule 10B does not contain any provision stating that a motion remaining unadjudicated by the trial court after a specified time period will be deemed denied. In fact, Rule

Following our review of the petition and attachments, we determine that an answer, additional briefing, and oral argument are unnecessary to our disposition because the record provided by Mr. Dessinger fails to comply with Tenn. Sup. Ct. R. 10B. As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of Rule 10B. *See* Tenn. Sup. Ct. R. 10B, § 2.05 ("If the appellate court, based upon its review of the Petition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court."); § 2.06 ("An accelerated interlocutory appeal shall be decided by the appellate court on an expedited basis. The appellate court's decision, in the court's discretion, may be made without oral argument.").

Mr. Dessinger's petition for recusal appeal is deficient because although it has attached a motion for recusal, it does not show that the motion was ruled upon by the trial court. Specifically, the petition for recusal appeal does not have attached an order from the trial court denying the motion to recuse; instead, Mr. Dessinger states that the trial court had not yet ruled on the motion when he filed the petition for recusal appeal. Rule 10B provides that a petition for recusal appeal "shall be accompanied by a copy of the motion and all supporting documents filed in the trial court, <u>a copy of the trial court's order or opinion ruling on the motion</u>, and a copy of any other parts of the trial court record necessary for a determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03 (emphasis added). This deficiency is important for two reasons, the first of which is that without an order from the trial court, we are unable to determine if the petition for recusal appeal was timely filed. "[R]ecusal motions must be filed promptly after the facts forming the basis for the motion become known, and the failure to assert them in a timely manner results in a waiver of a party's right to question a judge's impartiality." *Duke v. Duke*, 398 S.W.3d 665, 670 (Tenn. Ct. App. 2012) (quoting *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998)). Rule 10B provides that "a petition for recusal appeal shall be filed in the appropriate appellate court within twenty-one days of the trial court's entry of the order." Tenn. Sup. Ct. R. 10B, § 2.02. Furthermore, Rule 10B, § 2.08 provides that "[t]he time periods for filing a petition for recusal appeal pursuant to section 2.02 . . . are jurisdictional and cannot be extended by the court." Tenn. Sup. Ct. R. 10B, § 2.08.

Second, the failure to attach a copy of an order from the trial court denying the motion to recuse is important because "[i]n a Tennessee Supreme Court Rule 10B appeal, the only order we may review is the trial court's order that denies a motion to recuse. Pursuant to the rule, we may not review the correctness or merits of the trial court's other rulings[.]" *Duke*, 398 S.W.3d at 668. "We have previously stressed 'that the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the

10B, § 1.03 specifically requires the trial court judge to enter a written order resolving the recusal motion.

- 2 -

provisions of Rule 10B regarding the content of the record provided to this Court.'" *Cisneros v. Miller*, No. M2016-02426-COA-T10B-CV, 2017 WL 113964, at *2 (Tenn. Ct. App. Jan. 6, 2017) (quoting *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015)).

Because Mr. Dessinger's petition for recusal appeal is not accompanied by a copy of the trial court's order denying the motion for recusal, we dismiss this appeal. The costs of this appeal are assessed to the appellant, Keith Dessinger.


s/Thomas R. Frierson, II

_____
THOMAS R. FRIERSON, II, JUDGE