IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 22, 2025

## NINA NOWACZYK ET AL. v. TIMOTHY DANIELS ET AL.

**Appeal from the Circuit Court for Coffee County**
**No. 24CV-49496     William A. Lockhart, Judge**

_____

**No. M2025-01645-COA-T10B-CV**

_____

Appellants filed a motion to recuse the trial judge on the basis that the judge lives in the same neighborhood as a possible expert witness. The trial judge denied the motion. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Thompson G. Kirkpatrick, Manchester, Tennessee, for the appellants, Timothy Daniels, and Felicia Daniels.

Erica Rose Chessor, Tullahoma, Tennessee, for the appellees, Nina Nowaczyk, and Alan Nowaczyk.

**OPINION**

**I.**

This case began with a complaint filed by Plaintiffs/Appellees Nina Nowaczyk and Alan Nowaczyk ("Plaintiffs") against Defendants/Appellants Timothy Daniels and Felicia Daniels, d/b/a Daniels Construction ("Defendants") in the Coffee County Circuit Court ("the trial court").[1] The complaint alleged that in January 2023 Plaintiffs and Defendants entered into a contract providing that Defendants would perform work to remodel Plaintiffs' home. According to the complaint, Plaintiffs paid Defendants for the work, but it was never satisfactorily completed. Plaintiffs asserted claims for breach of contract, breach of the implied duty of good faith and fair dealing, breach of the implied warranty

---

[1] The date the complaint was filed is not legible on the copy of the complaint provided in this appeal.

of workmanship, fraudulent inducement, unjust enrichment, negligence, and violations of the Tennessee Consumer Protection Act.

On September 22, 2025, Defendants filed a motion to recuse the trial judge, William A. Lockhart. In their motion, Defendants noted that the trial judge stated during a September 15, 2025 motion hearing that "Mr. Jonathan Gault is a neighbor of his." It appears that Mr. Gault was proposed as an expert witness on behalf of Plaintiffs. The motion further asserted that "[g]iven that the Court has seen fit to recuse himself in other cases in which Mr. Gault was a participant, the Defendants respectfully request the Court to recuse himself if Mr. Gault is going to serve as an expert witness in this case." The motion was later supplemented with an affidavit from Defendants' counsel stating that the recusal motion was not being brought for an improper purpose and that the motion was being brought in good faith.[2]

The trial judge denied the motion to recuse by order of October 7, 2025. Therein, the trial judge noted that Mr. Gault was "a possible witness" for Plaintiffs and that he lived "in the same neighborhood as the Judge." But the trial court found that "[t]he motion does not claim any specific bias or close personal relationship between the judge and Mr. Gault." So the trial court explained that "the court does not feel an objective reasonable person would view the fact that Mr. Gault lives in the same neighborhood as the judge as a sufficient reason to show bias." The trial court therefore distinguished this matter from the prior matter in which Mr. Gault was not only a party, but also self-represented.[3] Instead, in this case, Mr. Gault is nothing more than a possible witness. As the trial court explicated,

> The court has never had any professional dealings with Mr. Gault and has no idea whether his opinion will be allowed or if it is allowed would be persuasive. The court has no reason to think Mr. Gault will be a good expert witness nor is it more likely to agree with his opinion based upon the fact he lives in somewhat close proximity. The court does not feel that this relationship would give the appearance of bias or impropriety to an objective reasonable person.

---

[2] The affidavit does not specifically recite that the motion was based on personal knowledge. *See* Tenn. Sup. Ct. R. 10B § 1.01 ("The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials."). Still, it is evident that the motion was based on counsel's personal knowledge, as there is no dispute that the trial judge made his disclosure concerning his connection to Mr. Gault during a motion hearing. *See Ueber v. Ueber*, No. M2018-02053-COA-T10B-CV, 2019 WL 410703, at *4 (Tenn. Ct. App. Jan. 31, 2019) (concluding that, although affidavits filed in support of a motion for recusal do not contain the words "on personal knowledge," it was "apparent from the content of these affidavits that they were made on personal knowledge").

[3] The trial judge further noted that he did "not believe that case required recusal" but nevertheless determined that he would not serve as the trial judge.

The trial judge therefore denied the motion to recuse. Defendants filed an expedited interlocutory appeal to this Court on October 21, 2025.

## II.

Our sole concern in this interlocutory appeal is whether the trial court erred in denying Defendants' motion for recusal. *See Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). Appeals from orders denying a motion to recuse are governed by Rule 10B of the Rules of the Supreme Court of the State of Tennessee.

Under section 2.01 of Rule 10B of the Tennessee Supreme Court, a party is entitled to "an accelerated interlocutory appeal as of right" of an order denying a motion to recuse. The party effects an accelerated appeal by filing a petition for recusal appeal with this Court, accompanied by "a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03. "If the appellate court, based upon its review of the petition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal." Tenn. Sup. Ct. R. 10B, § 2.05. In this case, we have determined that no answer from Plaintiffs is necessary, and we choose to act summarily on this appeal. *See also* Tenn. Sup. Ct. R. 10B, § 2.06 (stating that a 10B accelerated appeal should be decided on an expedited basis).

## III.

As the Tennessee Supreme Court explained regarding recusal:

> "Tennessee litigants are entitled to have cases resolved by fair and impartial judges." *Cook v. State*, 606 S.W.3d 247, 253 (Tenn. 2020) (citing *Davis* [*v. Liberty Mut. Ins.*], 38 S.W.3d [560,] 564 [(Tenn. 2001)]); *see also State v. Griffin*, 610 S.W.3d 752, 757–58 (Tenn. 2020). To preserve public confidence in judicial neutrality, judges must be fair and impartial, both in fact and in perception. *Cook*, 606 S.W.3d at 253; *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998). To these ends, the Tennessee Rules of Judicial Conduct ("RJC") declare that judges must "act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety." Tenn. Sup. Ct. R. 10, RJC 1.2. Another provision declares that judges "shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially." *Id.*, RJC 2.2.
> To act "impartially" is to act in "absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintenance of an open mind in considering issues that may come before a judge." *Id.*, Terminology. "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." *Id.*, RJC

2.11(A).

> Rule of Judicial Conduct 2.11 "incorporates the objective standard Tennessee judges have long used to evaluate recusal motions." *Cook*, 606 S.W.3d at 255. "Under this objective test, recusal is required if 'a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Id.* (quoting *Davis*, 38 S.W.3d at 564–65).
>
> The intermediate appellate courts have explained that the proponent of a recusal motion bears the burden of establishing that recusal is appropriate and that any alleged acts of bias or prejudice arise from extrajudicial sources rather than from events or observations during the litigation of the case. *Tarver v. Tarver*, No. W2022-00343-COA-T10B-CV, 2022 WL 1115016, at *2 (Tenn. Ct. App. Apr. 14, 2022). A trial judge has a duty to serve unless the proponent establishes a factual basis warranting recusal. *Raccoon Mtn. Caverns & Campground, LLC v. Nelson*, No. E2022-00989-COA-T10B-CV, 2022 WL 3100606, at *3 (Tenn. Ct. App. Aug. 4, 2022) (quoting *Rose v. Cookeville Reg'l Med. Ctr.*, No. M2007-02368-COA-R3-CV, 2008 WL 2078056, at *2 (Tenn. Ct. App. May 14, 2008)).

*Adams v. Dunavant*, 674 S.W.3d 871, 878–79 (Tenn. 2023) (per curiam). We review the trial court's denial of a motion for recusal under a *de novo* standard of review. Tenn. S. Ct. R. 10B, § 2.06.

After considering the evidence and arguments presented, we cannot conclude that the trial court erred in denying Defendants' motion to recuse. As an initial matter, we note that "[t]he Code of Judicial Conduct does not require judges to remain isolated from other members of the bar and from the community." *State v. Cannon*, 254 S.W.3d 287, 308 (Tenn. 2008). Some community contacts, however, have been sufficient to warrant recusal. For example, this Court has previously held that recusal was warranted due to a trial judge's prior relationship with an expert witness when the trial judge was a patient of the proposed expert witness and had even been treated by the doctor during the pendency of the case at issue. *See Hall v. Randolph*, No. W2013-02571-COA-T10B-CV, 2014 WL 127313 (Tenn. Ct. App. Jan. 14, 2014). As we explained, the trial judge would be required to assess witness credibility, and in the context of a health care liability case, may be required to resolve a "battle of the experts" in its role as thirteenth juror. *Id.* at *3.

In other cases in which a connection between the trial judge and a witness was cited as a basis of recusal, however, we have held that recusal was not required where the relationship was not significant or relevant to the case-at-bar. *See, e.g.*, *Carroll v. Foster*, No. E2024-00525-COA-T10B-CV, 2024 WL 1794402, at *1 (Tenn. Ct. App. Apr. 25, 2024) (affirming the trial court's denial of a joint motion for recusal when the trial judge had represented a central expert witness in an unrelated slip-and-fall matter for seven years

prior to taking the bench); ***Taylor v. Seymore***, No. W2015-01272-COA-T10B-CV, 2015 WL 5011701, at *4 (Tenn. Ct. App. Aug. 24, 2015) (holding that recusal was not warranted even though the trial judge received treatment at the same hospital during the pendency of the case at issue); *see also* ***State v. Madden***, No. M2012-02473-CCA-R3-CD, 2014 WL 931031, at *7 (Tenn. Crim. App. Mar. 11, 2014) ("Simply establishing that a trial judge is acquainted with a . . . person connected to a case" is not enough; rather, "[t]here must be some sort of a connection shown between the judge's relationship with a lawyer, party, or witness and some action taken in the case."). As a result, we must consider each recusal appeal "on a 'case-by-case' basis, examining the facts and circumstances presented in each particular case" ***Smith v. State***, 357 S.W.3d 322, 344 (Tenn. 2011) (citing ***Lockhart v. Fretwell***, 506 U.S. 364, 369 n.2 (1993)).

In this case, the only connection between Mr. Gault and the trial judge is that they live in the same neighborhood and the trial judge had previously declined to preside over a different matter when Mr. Gault was a self-represented party. There is no evidence that the trial judge has a personal or even professional relationship with Mr. Gault. Respectfully, this minimal contact is not sufficient to create an appearance of impropriety or indicate the trial judge would have a bias in favor of Mr. Gault. As the trial court aptly explained, "[i]f a judge were required to recuse based on circumstances such as this, or other minor acquaintance with a witness that doesn't affect a judge impartiality, they would be forced to recuse an inordinate number of times." As a result, we cannot conclude that a reasonable person, knowing all the facts known to the judge, would have any reasonable basis for questioning the judge's ability to act impartially. The trial judge's denial of the motion to recuse is therefore affirmed.

**IV.**

The judgment of the Coffee County Circuit Court is affirmed, and this cause is remanded to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Defendants/Appellants Timothy Daniels and Felicia Daniels, d/b/a Daniels Construction, for all of which execution may issue, if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE