IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 3, 2026

## NICOLE MARIE BEACH v. MARK PHILLIP BEACH

**Appeal from the Chancery Court for Rutherford County**
**No. 22CV-606       Bonita Jo Atwood, Judge**
_____

**No. M2026-00845-COA-T10B-CV**
_____

Appellant filed an accelerated interlocutory appeal seeking to recuse the trial judge. Because Appellant did not file a written motion to recuse and because the trial court never entered an order on same, we dismiss the appeal.


**Tenn. Sup. Ct. R. 10B Interlocutory Appeal; Appeal Dismissed**

VALERIE L. SMITH, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., C.J. and THOMAS R. FRIERSON, II, J., joined.

Jonathon D. Fagan, Auburntown, Tennessee, for the appellant, Mark Phillip Beach.

Hunter Fowler, Murfreesboro, Tennessee, for the appellee, Nicole Marie Beach.


## OPINION

### I. Background

This case concerns post-divorce proceedings between Appellant Mark Phillip Beach ("Father") and Appellee Nicole Marie Beach ("Mother"). On September 3, 2025, Father filed a "Motion for Findings of Contempt of Court," in the Chancery Court of Rutherford County ("trial court"). On February 12, 2026, the trial court heard Father's motion and treated it as a petition for criminal contempt (the "Contempt Petition"). Father was the first and only witness to testify during the hearing. During Father's direct testimony, the trial court repeatedly sustained opposing counsel's objections that: (1) Father's counsel was leading the witness; (2) Father failed to authenticate certain text messages that he was seeking to introduce into evidence; and (3) Father failed to lay a proper foundation for such

text messages. The trial court excluded the text messages but allowed Father's counsel to question Father concerning the substance of the text messages. After repeatedly sustaining objections that Father's counsel was leading the witness, the trial court took a recess. Upon returning to the hearing, Father's counsel continued to ask leading questions. The trial court repeatedly warned Father's counsel not to lead the witness, and Father's counsel began interrupting and arguing with the trial court, upon which the trial court directed Father's counsel not to argue with the trial court. This continued throughout Father's testimony, with the trial court taking successive recesses to allow Father's counsel time to compose himself and cautioning Father's counsel that he could be held in contempt of court. Eventually, the trial court held Father's counsel in direct contempt for his "criticisms and abatement of the [trial c]ourt and disrespectful behavior" and assessed him a $50.00 fine.

At that time, Father's counsel made an oral motion for a continuance, "so [he could] file a formal written motion under Rule 10B." Thereafter, the following arguments transpired:

Trial court to Mother's counsel: He's asking for a continuance[.]

Mother's counsel: Your Honor, my – my position on it is jeopardy has already attached. . . .

Trial court to Father's counsel: Jeopardy has attached. How do you respond to that?

Father's counsel: I don't think jeopardy is at issue under a Rule 10B motion . . . .

Trial court: You know, the thing is this, Counsel, you can't succeed on a Rule 10[B] when you are dissatisfied with the [c]ourt's order –

Father's counsel: Well, I'm not –

Trial court: – or the [c]ourt's rulings.

Father's counsel: I'm not going to argue the motion. I can't argue the motion today. I can't do it by oral motion, but I'd – I'd be happy to put my grounds and – and argue accordingly under Rule 10B as required.

Ultimately, the trial court denied Father's oral motion for a continuance, to-wit:

[Y]ou cannot ask for a continu[ance] simply because you do not like the rulings of the [c]ourt because the [c]ourt has held you in direct contempt for

your refusal to follow the instructions of the [c]ourt by – when the [c]ourt told you to put your phone down and resume direct examination and you advised the [c]ourt you were not doing that and further because of your other disrespectful conduct.

Thereafter, the trial court instructed Father's counsel to continue with Father's direct examination.

Rather than continue with direct examination, Father's counsel asked the trial court to allow him to make an oral Rule 10B motion and to argue it. The following occurred:

Trial court: Sir, jeopardy attaches in criminal contempt proceedings when the trial court has heard evidence from petitioner regarding supporting a charge that respondent violated the prior [order] enjoining condemner from harassing petitioner and thus retrial on contempt charge following reversal judgment was barred.

So, if you do not wish to proceed today, then you will not be able to proceed further because jeopardy has attached.

Would you like to respond to that?

Father's counsel: Yes.

Is the [c]ourt denying me the ability to –

Trial court: Sir, I'm going to ask you again. You said jeopardy has not attached. Jeopardy attached in criminal contempt proceedings when [the] trial court heard evidence from petitioner regarding acts supporting [a] charge that respondent violated [the] prior order enjoining condemner from harassing petitioner and thus retrial on contempt charge following reversal judgment was barred. Jeopardy has attached.

Father's counsel: And, Your Honor, maybe there's some confusion. I never said that jeopardy had not attached.

Trial court: Yes, you –

Father's counsel: We can –

Trial court: I'm not going to argue with you. You know what? Here's what –

Father's counsel: I just said that it was not at issue.

Trial court: You may either proceed or – you may either proceed or you can dismiss it because jeopardy has attached. So, the [c]ourt is not going to answer your other question until you decide because jeopardy has attached. You've already – the [c]ourt has heard evidence from the Petitioner.

Father's counsel: I'm just a little confused, Your Honor, at this point. I – I was simply asking whether a 10B motion could be heard.

Trial court: Jeopardy has attached. You may either continue or the case will have to be dismissed because you cannot continue if jeopardy has attached.

Father's counsel: Well, I guess I can only take that as – that the [c]ourt will not hear the 10B motion so I will continue.

Despite stating that he would continue, Father's counsel continued to question the trial court concerning the 10B motion, and the trial court continued to explain its authority to hold Father's counsel in contempt. Eventually, the trial court quoted Tennessee Supreme Court Rule 10B, section 1.01, discussed further, *infra*, and Father's counsel proceeded with direct examination.

At the close of Father's proof, Mother moved to dismiss the Contempt Petition, arguing that Father failed to meet his burden of proof. When the trial court asked for Father's response, Father's counsel responded: "Your Honor, it's undisputed that they – they've raised no witness in opposition, no evidence in opposition that [Father] has not been allowed his visitation with his daughter for the last three years." Thereafter, the trial court and Father's counsel engaged in a discussion concerning the elements required to hold a respondent in criminal contempt, which led to the following exchange:

Father's counsel: Your Honor, I'm particularly concerned that the [c]ourt has –

Trial court: Okay. Just finish –

Father's counsel: -- cut me off and –

Trial court: Finish your response.

Father's counsel: I'm going to renew – I'm going to renew my Rule 10B motion.

Thereafter, the trial court ended proceedings and took a recess before returning and

- 4 -

granting Mother's motion to dismiss the Contempt Petition for Father's failure to meet his burden of proof beyond a reasonable doubt. The trial court also briefly addressed Father's oral Rule 10B motions, to-wit:

> [Father] requested oral motions for recusal by the [c]ourt. As stated in Rule 10[B], a motion to recuse must be made in writing, and as such, this [c]ourt is not able to entertain an oral motion of recusal. Therefore, [Father] proceeded with [his] proof.

On May 12, 2026, the trial court entered its order dismissing the Contempt Petition.

On June 2, 2026, Father filed a "Petition for Rule 10(B) Appellate Review" (the "10B Petition").[1] As provided under Rule 10B, section 2.05, we conclude that we do not require an answer from Appellee/Mother, and we act summarily in this appeal. Tenn. Sup. Ct. R. 10B, § 2.05.

## II. Issue

The only order this Court may review on an appeal under Tennessee Supreme Court Rule 10B is the trial court's order denying a motion to recuse. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012) ("Pursuant to [Tennessee Supreme Court Rule 10B], we may not review the correctness or merits of the trial court's other rulings[.]"). Accordingly, the sole issue in Rule 10B appeals is whether the trial court erred in denying an appellant's motion for recusal. *Williams by & through Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015). We review a trial court's ruling on a motion for recusal under a *de novo* standard of review with no presumption of correctness. Tenn. Sup. Ct. R. 10B, § 2.01. The party seeking recusal bears the burden of proof, and "any alleged bias must arise from extrajudicial sources and not from events or observations during litigation of a case." *Williams by & through Rezba*, 2015 WL 2258172, at *5 (citing *McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *3 (Tenn. Ct. App. Feb. 11, 2014)).

## III. Discussion

As noted above, the trial court quoted Tennessee Supreme Court Rule 10B, section 1.01 to Father's counsel during the criminal contempt hearing. That section provides, in pertinent part:

> **1.01.** Any party seeking disqualification, recusal, or a determination of

---

[1] On June 4, 2026, Father filed a motion to accept amended petition, seeking to correct non-substantive errors. Because Father's proposed amended petition does not affect our dismissal of the appeal, it is denied as moot.

constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, ***shall do so by a written motion filed promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal***. The motion shall be filed no later than ten days before trial, absent a showing of good cause which must be supported by an affidavit. ***The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials. The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation***.

Tenn. Sup. Ct. R. 10B, § 1.01 (emphases added).  A claim of judicial bias may be waived when a litigant fails to file a *written* recusal motion in the trial court.  *Cook v. State*, 606 S.W.3d 247, 254 (Tenn. 2020).  Although it is undisputed that Father never filed a written motion, it appears from the transcript that Father's counsel understood this requirement as demonstrated by his request for a continuance "so [he could] file a formal written motion under Rule 10B."  Because he did not file a written motion, Father also failed to file the required affidavit or declaration.  This failure alone could be fatal to Father's appeal.  *See Moncier v. Wheeler*, No. E2020-00943-COA-T10B-CV, 2020 WL 4343336, at *3 (Tenn. Ct. App. July 28, 2020) ("When a petitioner fails to support a motion with this mandatory affidavit or declaration under penalty of perjury, we have repeatedly held that the request for recusal was waived.").

In the 10B Petition, Father alleges that the trial court "refused to allow Father's [c]ounsel to file a written Rule 10(B) motion on the erroneous ground that 'jeopardy has attached,' and required Father's [c]ounsel to continue with the hearing without such motion, either orally or written, or else dismiss his motion for contempt."  There is nothing in the transcript or the exhibits that Father attached to his 10B Petition to show that he was prohibited from filing a *written* motion to recuse *after the hearing*.  Indeed, Rule 10B contemplates this very action when it directs litigants to file a written motion "promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal." Tenn. Sup. Ct. R. 10B, § 1.01.  Arguably, Father would have learned of the facts establishing the basis for the alleged recusal on February 12, 2026, *i.e.,* the date of the hearing on the Contempt Petition.

Rather than *promptly* filing a written motion to recuse *in the trial court*, Father waited nearly *four months* after the hearing to file the 10B Petition *with this Court*.[2]  Rule

---

[2] We caution that we have repeatedly held that litigants may waive their claims of judicial bias when they delay the filing of a *motion* to recuse until four months after learning the basis for recusal.  *See Fischiettie v. Econo Auto Painting of W. Tennessee, Inc.*, No. W2025-00228-COA-R3-CV, 2026 WL 800993, at *8

10B, section 2.03 provides, in relevant part, that the petition for recusal appeal *shall* "be accompanied by a copy of the motion [to recuse] and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03. Given that Father failed to file a written motion, he was obviously unable to attach it to his petition before this Court. This omission alone could be fatal to Father's appeal. *See Slaughter v. Stillwagon*, No. E2023-01531-COA-T10B-CV, 2023 WL 7326357, at *2 (Tenn. Ct. App. Nov. 7, 2023) (dismissing recusal appeal due to the appellant's failure to provide this Court with a copy of the motion to recuse filed in the trial court). Concerning the trial court's order, Father attached to the 10B Petition, the trial court's order dismissing the contempt petition. As to Rule 10B, the order provided:

> 11. That after Father was sworn in, began his testimony and jeopardy attached, Counsel for Father made an oral Motion requesting relief pursuant to Rule 10(B) of the [Rules of the Supreme Court of Tennessee]. The oral motion of Counsel for Father was denied by this Honorable Court.
>
> 12. That Father made a second request for relief pursuant to Rule 10(B) of the [Rules of the Supreme Court of Tennessee]. The second oral motion of Counsel for Father was denied by this Honorable Court.

These findings conflict with our review of the record from the trial court. As shown above, the hearing transcript demonstrates that the trial court first denied Father's oral motion for a *continuance*, so he could file a *written* 10B motion to recuse. Concerning this request, the trial court explained that if it granted the continuance, Father would not be able to proceed on his Contempt Petition because jeopardy attached when Father began his testimony.[3] Although Father's counsel proceeded to ask the trial court if he could argue an *oral* motion to recuse, the trial court never entertained the request, citing Rule 10B, section 1.01, discussed above. The trial court explained this during its oral ruling on Mother's motion to dismiss the Contempt Petition, to-wit: "As stated in Rule 10[B], a motion to recuse must be made in writing, and as such, this [c]ourt is not able to entertain an oral motion of recusal." In short, the trial court did not deny an oral motion to recuse because it never heard one. Accordingly, the trial court's order dismissing the Contempt Petition is not an order on recusal. It is well-settled that the requirements of Rule 10B are mandatory and must be strictly followed. *Valderrama v. Hurvitz*, No. E2024-00496-COA-T10B-CV, 2024 WL 1654496, at *3 (Tenn. Ct. App. Apr. 17, 2024) (quoting *StoneyBrooke Invs., LLC v. Mccurry*, No. E2024-00253-COA-T10B-CV, 2024 WL 837942, at *2 (Tenn.

---

(Tenn. Ct. App. Mar. 23, 2026) (discussing several cases, which held that the appellants waived their claims of judicial bias after delaying the filings of their motions to recuse for four months).

[3] Although we draw no conclusion as to whether the trial court erred in denying Father's motion to continue, we note the well-settled Tennessee law that "constitutional provisions against double jeopardy protect an accused against a second prosecution for the same offense . . ." and that jeopardy attaches in non-jury proceedings when the first witness testifies. *Ahern v. Ahern*, 15 S.W.3d 73, 80 (Tenn. 2000).

Ct. App. Feb. 28, 2024) (citing *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at \*2 (Tenn. Ct. App. Feb. 20, 2015) and *Elliott v. Elliott*, No. E2012-02448-COA-10B-CV, 2012 WL 5990268, at \*3 (Tenn. Ct. App. Nov. 30, 2012))). As discussed above, Father failed to follow the requirements of sections 1.01 and 2.03, which alone could result in the dismissal of this appeal. Aside from the foregoing, we recall that the only order this Court may review on appeal under Rule 10B is a trial court's order denying a motion to recuse. *Duke*, 398 S.W.3d at 668. There is no such order here. Therefore, there is nothing for this Court to review. *See Arnold v. Malchow*, No. M2024-00314-COA-T10-BCV, 2024 WL 1092995, at \*2 (Tenn. Ct. App. Mar. 13, 2024); *Burkhart v. Burkhart*, No. M2023-01390-COA-T10B-CV, 2023 WL 6818637, at \*6 (Tenn. Ct. App. Oct. 17, 2023).

## IV. Conclusion

Given the foregoing, we dismiss the appeal. Costs of the appeal are assessed to the Appellant, Mark Phillip Beach. Execution for costs may issue if necessary.

s/ Valerie L. Smith
VALERIE L. SMITH, JUDGE